# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-231V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ROSEMARY TREZZA and WAYNE TREZZA,
as the Parents and Natural Guardians of P.T.,
a Minor,

                Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: November 5, 2014

Decision by Stipulation;
Damages; Influenza ("Flu")
Vaccine; Human
Papillomavirus ("HPV");
Alopecia.

*Mark T. Sadaka*, Mark T. Sadaka, LLC, for Petitioners.

*Jennifer L. Reynaud*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 2, 2013, Rosemary and Wayne Trezza filed a petition on behalf of their minor child, P.T., seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioners allege that as a result of P.T.'s receipt of the influenza ("flu") vaccine and Human Papillomavirus ("HPV") vaccine on or about November 3, 2011, P.T. suffered from alopecia, and that she experienced the effects of this injury for more than six months.

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the ruling will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

Respondent denies that the flu vaccine caused P.T.'s alleged injury. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed November 5, 2014) that the issues before them can be settled and that a decision should be entered awarding Petitioners compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

> A lump sum of $50,000.00 in the form of a check payable to petitioners as the Guardians/Conservators of the estate of P.T., for the benefit of P.T.

This amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ROSEMARY TREZZA and WAYNE TREZZA, as the Parents and Natural Guardians of P.T., a Minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent | No. 13-231V<br>Special Master Corcoran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their minor daughter, P.T., petitioners Rosemary and Wayne Trezza filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to P.T.'s receipt of the human papillomavirus ("HPV") and influenza ("flu") vaccinations, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. P.T. received her HPV and flu immunizations on November 3, 2011.

3. The vaccines were administered within the United States.

4. Petitioners allege that P.T. sustained a vaccine-related injury diagnosed as alopecia that was caused-in-fact by the HPV and flu vaccines. They further allege that P.T. experienced the residual effects of her injury for more than six months.

1

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of P.T. as a result of her condition.

6. Respondent denies that P.T.'s alleged injury and residual effects were caused-in-fact by either the HPV or flu vaccine. Respondent further denies that the either the HPV or flu vaccine caused P.T. any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $50,000.00 in the form of a check payable to petitioners as the Guardians/Conservators of the estate of P▓▓ T▓▓ for the benefit of P▓▓ T▓▓. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected

2

to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of P.T., as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian of P.T.'s estate under the laws of the State of New Jersey. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of P.T.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of P.T.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of P.T.'s estate upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity, and as legal representatives of P.T., on behalf of her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit

3

and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of P.T. resulting from, or alleged to have resulted from a HPV or flu vaccination administered on November 3, 2011, as alleged by petitioners in a petition for vaccine compensation filed on or about April 2, 2013, in the United States Court of Federal Claims as petition No. 13-231V.

15. If P.T. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that either the HPV or flu vaccine caused P.T. to suffer alopecia or any other injuries.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns, as legal representatives of P.T.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

Respectfully submitted,

PETITIONERS:

*/s/ Rosemary Trezza*
ROSEMARY TREZZA

*/s/ Wayne Trezza*
WAYNE TREZZA

**ATTORNEY OF RECORD FOR PETITIONERS:**

*/s/ Mark T. Sadaka*

MARK T. SADAKA
SADAKA ASSOCIATES LLC
20 North Van Brunt Street
Englewood, NJ 07024
(201) 266-5670

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Vincent J. Matanoski*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*/s/ A. Melissa Houston*

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Jennifer L. Reynaud*

JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

Dated: November 5, 2014